# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TEENA LIBE | ) | CASE NO. |
| 330 North Shady Lane Drive | ) | |
| Apartment 38 | ) | JUDGE: |
| East Liverpool, Ohio 43920 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| P&A INDUSTRIES, INC. | ) | |
| 600 Crystal Avenue | ) | **JURY DEMAND ENDORSED** |
| Findlay, Ohio 45840 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| P&A INDUSTRIES, INC. | ) | |
| c/o CT Corporation | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | | |
| Defendant. | | |

Plaintiff, Teena Libe, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES, JURISDICTION & VENUE

1. Libe is a resident of the City of East Liverpool, Columbiana County, Ohio.

2. P&A Industries, Inc. ("P&A") is a foreign for-profit corporation that operated a business located at 600 Crystal Avenue, Findlay, Ohio 45840 at all relevant times.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Libe is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 *et seq*.

4. All material events alleged in this Complaint occurred in Hancock County, Ohio.

5. This Court has supplemental jurisdiction over Libe's state law claims pursuant to 28 U.S.C. § 1367 as Libe's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Libe filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00514, against P&A.

8. On or about June 15, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Libe regarding the Charges of Discrimination brought by Libe against P&A in EEOC Agency Charge No. 52-2021-00514.

9. Libe received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

10. Libe has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Libe has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

12. Libe is a former employee of P&A.

13. On or about August 14, 2017, Libe began working for P&A as a production associate.

14. In or around April 2019, Libe was promoted to quality auditor at P&A.

15. P&A discharged Libe on or about November 30, 2020.

16. Ryan Koffman, Libe's manager and the P&A Area Manager, told Libe that he was attracted to her.

17. Koffman made advances and comments to, at, and toward Libe, including commenting on her the "curves" of her body, among other offensive and inappropriate comments.

2

18. Koffman invited Libe to go on dates with him.

19. Koffman's advances and comments were unwelcome.

20. Libe complained about Koffman's unwelcome comments and advances to her supervisors, including Matt Bowman and Jenny Warneke. ("Libe's First Report of Sexual Harassment")

21. Bowman and Warneke took no action in response Libe's First Report of Sexual Harassment.

22. After Libe's First Report of Sexual Harassment, Koffman began retaliating against her.

23. Koffman began treating Libe less favorably than similarly-situated employees who had not been the subject of unwelcome comments and advances.

24. Defendant began treating Libe less favorably than similarly-situated employees who had not complained about sexual harassment.

25. P&A has a policy against sexual harassment ("Sexual Harassment Policy").

26. P&A's Sexual Harassment Policy precludes retaliation against employees who complain about sexual harassment.

27. Alternatively, retaliation against employees who complain about sexual harassment is permitted by P&A.

28. P&A's Sexual Harassment Policy precludes intimidation against employees who complain about sexual harassment.

29. Alternatively, intimidation against employees who complain about sexual harassment is permitted by P&A.

30. P&A's Sexual Harassment Policy requires employees to report what they reasonably believe is a violation of the Sexual Harassment Policy.

31. P&A's Sexual Harassment Policy precludes retaliation against employees who report a violation of the Sexual Harassment Policy.

32. Alternatively, retaliation against employees who report a violation of the Sexual Harassment Policy is permitted by P&A.

33. P&A's sexual Harassment Policy precludes intimidation against employees who report a violation of the Sexual Harassment Policy.

34. Alternatively, intimidation against employees who report a violation of the Sexual Harassment Policy is permitted by P&A.

35. Koffman's unwelcome sexual comments and advances violated the Harassment Policy.

36. P&A has a policy to investigate reports of violations of its Sexual Harassment Policy.

37. An investigation should include interviewing the complainant.

38. An investigation should include interviewing the subject of the complaint.

39. An investigation should include interviewing the subject of the reported discrimination.

40. An investigation should include interviewing witnesses to the reported discrimination.

41. An investigation should include getting a written statement from the complainant.

42. An investigation should include getting a written statement from the subject of the complaint.

43. An investigation should include getting a written statement from the subject of the reported discrimination.

44. In response to Libe's report of Koffman's unwelcome sexual comments and advances, P&A did not interview Libe.

45. In response to Libe's report of Koffman's unwelcome sexual comments and advances, P&A did not interview Koffman.

46. In response to Libe's report of Koffman's unwelcome sexual comments and advances, P&A did not interview witnesses.

47. In response to Libe's report of Koffman's unwelcome sexual comments and advances, P&A did not obtain written statements from Libe, Koffman, or other witnesses.

48. After Libe's First Report of Sexual Harassment, Koffman would not permit Libe to use her personal phone during her shifts at work.

49. Koffman allowed other employees to use their personal phones during their shifts.

50. Libe had one or more relationships with black men.

51. Libe is Caucasian.

52. Libe prefers to date black men.

53. P&A has approximately 200 employees.

54. P&A has a majority of Caucasian employees.

55. P&A's management, including Koffman, learned that Libe prefers to have a romantic or platonic relationship with black men.

56. P&A's management, including Koffman, learned this after attending a birthday party with Libe.

57. After P&A's management learned that Libe preferred to have romantic or platonic relationships with black men, she was treated differently than other, similarly situated employees.

58. Libe was treated unfavorably because she rejected Koffman's advances.

59. Libe was treated unfavorably because she prefers to date black men instead of individuals who were Caucasian or of other races.

60. Based on the unfavorable treatment she received, Libe felt that she was forced to resign from her quality auditor position and return to her position as a production associate.

61. On or about November 30, 2020, Libe felt that she had no choice to resign because of the treatment she was receiving.

62. On or about November 30, 2020, Libe was constructively discharged from P&A.

63. Constructively demoting Libe was an adverse employment action.

64. Constructively demoting Libe was an adverse action.

65. Constructively terminating Libe was an adverse employment action.

66. Defendant knowingly committed an adverse employment action against Libe.

67. Defendant intentionally committed an adverse employment action against Libe.

68. Defendant willfully committed an adverse employment action against Libe.

69. Defendant knowingly committed an adverse action against Libe.

70. Defendant intentionally committed an adverse action against Libe.

71. Defendant willfully committed an adverse action against Libe.

72. Defendant knowingly terminated Libe's employment.

73. Defendant intentionally terminated Libe's employment.

74. Defendant willfully terminated Libe's employment.

75. The above facts demonstrate Defendant engaged in a pattern and practice of discrimination on the basis of racial association.

76. The above facts demonstrate Defendant engaged in a pattern and practice of discrimination on the basis of gender.

77. The above facts demonstrated that Defendant engaged in a pattern and practice of sexual harassment against Libe.

78. The above facts demonstrate Defendant engaged in a pattern and practice of retaliation.

## COUNT I: RETALIATION IN VIOLATION OF 42 U.S.C.§ 2000e-2 *ET SEQ.*

79. Libe restates each and every prior paragraph of this complaint, as if it were fully restated herein.

80. As a result of P&A's discriminatory conduct described above, Libe complained about the unlawful harassing and discriminatory treatment she was experiencing.

81. Subsequent to Libe's First Report of Sexual Harassment, Libe was subjected to unfair treatment.

82. P&A's actions were retaliatory in nature based on Libe's opposition to the unlawful discriminatory conduct.

83. As a direct and proximate result of P&A's conduct, Libe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112 *ET SEQ.*

84. Libe restates each and every prior paragraph of this complaint, as if it were fully restated herein.

85. As a result of P&A's discriminatory conduct described above, Libe complained about the unlawful harassing and discriminatory treatment she was experiencing.

86. Libe's First Report of Sexual Harassment, Libe was subjected to unfair treatment.

87. P&A's actions were retaliatory in nature based on Libe's opposition to the unlawful discriminatory conduct.

88. As a direct and proximate result of P&A's conduct, Libe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: GENDER DISCRIMINATION UNDER 42 U.S.C.§ 2000e-2 ET SEQ.

89. Libe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

90. Libe is a member of a statutorily protected class based on her gender under 42 U.S.C.§ 2000e

91. P&A treated Libe differently than other similarly situated employees based on her gender.

92. P&A discriminated against Libe on the basis of her gender throughout her employment with the company.

93. P&A terminated Libe's employment without just cause.

94. P&A terminated Libe's employment based on her gender.

95. P&A's discrimination against Libe based on her gender violates 42 U.S.C. § 2000e *et seq.*

96. As a direct and proximate result of P&A's conduct, Libe suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IV: GENDER DISCRIMINATION UNDER R.C. § 4112.02.

97. Libe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. Libe is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

99. P&A treated Libe differently than other similarly situated employees based on her gender.

100. P&A discriminated against Libe on the basis of her gender throughout her employment with the company.

101. P&A terminated Libe's employment without just cause.

102. P&A terminated Libe's employment based on her gender.

103. P&A's discrimination against Libe based on her gender violates R.C. § 4112.01 *et seq.*

104. As a direct and proximate result of P&A's conduct, Libe suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT V: SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C.§ 2000e-2 *ET SEQ.*

105. Libe restates each and every paragraph of this Complaint as though it were fully restated herein.

106. Libe was subjected to unwelcomed sexual harassment in the form of sexual comments and sexual advances.

107. P&A created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

108. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by P&A, Libe reported the sexual harassment to her supervisors, including Matt Bowman and Jenny Warneke.

109. P&A's actions amount to discrimination on the basis of sex through the creation of a hostile work environment.

110. Koffman's sexual harassment of Libe occurred while she was acting in the course and scope of her employment.

111. Libe's supervisors had knowledge of Koffman's sexual harassment and failed to take any corrective or remedial action.

112. As a direct and proximate result of P&A's conduct, Libe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.02 *ET SEQ.*

113. Libe restates each and every paragraph of this Complaint as though it were fully restated herein.

114. Libe was subjected to unwelcomed sexual harassment in the form of sexual comments and sexual advances.

115. P&A created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

116. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by P&A, Libe reported the sexual harassment to her supervisors, including Matt Bowman and Jenny Warneke.

117. P&A's actions amount to discrimination on the basis of sex through the creation of a hostile work environment.

118. Koffman's sexual harassment of Libe occurred while she was acting in the course and scope of her employment.

119. Libe's supervisors had knowledge of Koffman's sexual harassment and failed to take any corrective or remedial action.

120. As a direct and proximate result of P&A's conduct, Libe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VII: RACE DISCRIMINATION BY ASSOCIATION IN VIOLATION OF R.C. 4112.02 *ET SEQ.*

121. Libe restates each and every prior paragraph of this Complaint, as if fully restated herein.

122. Defendant was aware that Libe had been in an interracial relationship during her employment.

123. Defendant violated R.C. § 4112.02 by discriminating against Libe, due to her engagement in an interracial relationship.

124. Defendant violated R.C. § 4112.02 by terminating Libe based on her interracial relationship.

125. As a direct and proximate result of Defendant's conduct, Libe has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VIII: RACE DISCRIMINATION BY ASSOCIATION IN VIOLATION OF 42 U.S.C.§ 2000e-2 *ET SEQ.*

126. Libe restates each and every prior paragraph of this Complaint, as if fully restated herein.

127. Defendant was aware that Libe had been in an interracial relationship during her employment.

128. Defendant violated 42 U.S.C. § 2000e by discriminating against Libe, due to her engagement in an interracial relationship.

129. Defendant violated 42 U.S.C.§ 2000e by terminating Libe based on her interracial relationship.

130. As a direct and proximate result of Defendant's conduct, Libe has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Teena Libe demands from Defendant the following:

(a) Issue an order requiring P&A to restore her to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Libe for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Libe's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorney For Plaintiff Teena Libe*

## JURY DEMAND

Plaintiff Teena Libe demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**